UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MAZEN ABDEL-GHANI, | Case No. 14-CV-3644(PJS/JJK) |
| Plaintiff, | |
| v. | ORDER |
| TARGET CORPORATION, | |
| Defendant. | |
| | |
| MAZEN ABDEL-GHANI, | Case No. 14-CV-4136 (PJS/JJK) |
| Plaintiff, | |
| v. | |
| MARKETSOURCE, INC., | |
| Defendant. | |

Mazen Abdel-Ghani, pro se.

Joseph G. Schmitt and Jeremy D. Robb, NILAN JOHNSON LEWIS PA, for
defendant Target Corporation.

William E. Corum, HUSCH BLACKWELL, LLP; and Shannon M. McDonough
and Heather J. Diersen, FAFINSKI MARK & JOHNSON, P.A., for defendant
MarketSource, Inc.

Plaintiff Mazen Abdel-Ghani filed two lawsuits in state court, one against Target

Corporation ("Target") and the other against MarketSource, Inc. ("MarketSource").

Abdel-Ghani formerly worked for MarketSource, which places its employees in certain

Target stores to promote the sale of certain products and services.  In both lawsuits,

Abdel-Ghani alleges that he suffered employment discrimination based on his national

origin (Palestinian).  The complaints demanded damages under "County, State and

Federal" laws "that prohibit[] discrimination based on one's national . . . origin."  T ECF

No. 1-1 at 7; MS ECF No. 1-1 at 6.[1]

Target and MarketSource removed the two cases to federal court.  *See* 28 U.S.C.

§ 1441.  Target asserted that federal-question jurisdiction supported removal in its case

based on Abdel-Ghani's federal employment-discrimination claim.  *See* 28 U.S.C. § 1331.

MarketSource relied primarily on diversity jurisdiction, citing Abdel-Ghani's demand

for damages "in excess of $100,000," MS ECF No. 1-1 at 6, and the fact that the parties

were citizens of different states.[2]  *See* 28 U.S.C. § 1332(a)(1).

Abdel-Ghani moved to remand the cases back to state court on the ground that

there was no federal subject-matter jurisdiction.  T ECF No. 8; MS ECF No. 7.  With his

motions to remand, Abdel-Ghani provided a "First Amended Complaint" for each case,

---

[1]"T ECF" refers to documents filed in *Abdel-Ghani v. Target Corp.*, No. 14-CV-3644 (PJS/JJK).  "MS ECF" refers to documents filed in *Abdel-Ghani v. MarketSource, Inc.*, No. 14-CV-4136 (PJS/JJK).

[2]According to MarketSource, Abdel-Ghani lives in Bloomington, Minnesota, and MarketSource is a Maryland corporation with its headquarters and principal place of business in Georgia.  MS ECF No. 1-5 ¶¶ 3-4.  Abdel-Ghani does not dispute these assertions.

which appear to be identical to the original complaints save that the reference to "Federal" law is deleted.  T ECF No. 8.

Magistrate Judge Jeffrey J. Keyes issued a Report and Recommendation ("R&R") recommending that Abdel-Ghani's motions to remand be denied and that the cases be consolidated due to their common factual basis.  This matter is before the Court on Abdel-Ghani's objection to Judge Keyes's R&R.[3]  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court agrees with Judge Keyes's analysis and adopts his R&R.  Only a few matters merit comment.

*First*, Abdel-Ghani objects that the reference to "Federal" law in the complaint against Target was "tak[en] out of context" and that he merely intended to indicate that Target's conduct violated "all the applicable laws in the country, in general," rather than to indicate a choice of "the appropriate court jurisdiction."  T ECF No. 25 at 3.  But whether a case can be removed to federal court depends on whether a basis for federal jurisdiction (such as the existence of a federal question) appears on the face of the complaint.  *Baker v. Martin Marietta Materials*, 745 F.3d 919, 923 (8th Cir. 2014); *Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

---

[3]Judge Keyes issued one R&R and entered it on the docket in both cases.  T ECF No. 23; MS ECF No. 18  Abdel-Ghani filed two objections, one in each case.  T ECF No. 25; MS ECF No. 21.  The objections raise substantially the same points.

Removal does not turn on the subjective intentions of the plaintiff.  *See Benefiel v. Exxon Corp.*, 959 F.2d 805, 807 (9th Cir. 1992) ("Although plaintiffs now deny any intention to pursue a claim pursuant to [federal law], the complaint itself, reasonably read, sets forth such a claim and the defendants were entitled to remove.").  Moreover, jurisdiction is measured at the time of removal, and thus Abdel-Ghani's omission of references to federal law from his "First Amended Complaint" is irrelevant.  *Hargis v. Access Capital Funding*, 674 F.3d 783, 789-90 (8th Cir. 2012); *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009).[4]  The original complaint presented a claim under "Federal" employment-discrimination law and thus, at the time of removal, a basis for federal subject-matter jurisdiction appeared on the face of the operative complaint.

*Second*, Abdel-Ghani objects that consolidating the federal cases (as the R&R recommends) would destroy diversity because both Abdel-Ghani and Target are citizens of Minnesota.  MS ECF No. 21 at 2-3.  But "consolidation . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."  *Enter. Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir.

---

[4]Further, as Judge Keyes observed, district courts have discretion to exercise supplemental jurisdiction over remaining state-law claims even after the federal claim has been dismissed.  *See Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933 (8th Cir. 2013); *McLain v. Andersen Corp.*, 567 F.3d 956, 965 (8th Cir. 2009); *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 599 (8th Cir. 2002) ("Under §§ 1367(c) and 1441(c), a court is not required to remand state law claims when the only federal claim has been dismissed.  Instead, the district court maintains discretion to either remand the state law claims or keep them in federal court.").

1994) (quoting *Johnson v. Manhattan Ry.*, 289 U.S. 479, 496-97 (1933)).  Thus, the two

cases would remain separate for purposes of diversity jurisdiction.  *See Cella v. Togum*

*Constructeur Ensemleier en Industrie Alimentaire*, 173 F.3d 909, 912-13 (3d Cir. 1999).

Diversity jurisdiction in the MarketSource case would remain intact, Target's corporate

citizenship notwithstanding.

      Abdel-Ghani also appears to contend that MarketSource is a Minnesota

corporation for diversity purposes because, he asserts, "MarketSource does a

considerable amount of Business in the State of Minnesota" and has "conduct[ed] its

business with companies in the State of Minnesota since [the] Mid-Eighty's."  MS ECF

No. 21 at 2-3.  As Judge Keyes observed, Abdel-Ghani appears to confuse the issue of

*personal* jurisdiction with the issue of *subject-matter* jurisdiction.  For purposes of

establishing diversity jurisdiction, a corporation is a citizen of the state where it is

incorporated and of the state where it has "its *principal* place of business."  28 U.S.C.

§ 1332(c)(1) (emphasis added).  A corporation is not a citizen of every state in which it

does any business or might be subject to personal jurisdiction.

      *Third*, Abdel-Ghani objects that he was not able to present certain documents at

the hearing on his motions to remand before Judge Keyes because he was forced to

appear at the hearing via telephone when he could not locate the courthouse.  But the

documents (which he attaches to his objections to Judge Keyes's R&R) would not have

helped his cause.  One is a letter from the Minnesota Department of Human Rights telling him that he may bring an employment-discrimination lawsuit in state court under Minn. Stat. § 363A.33.  T ECF No. 25-1 Ex. 1; MS ECF No. 21 Ex. 1.  The other is a similar letter from the U.S. Equal Employment Opportunity Commission informing him of his right to sue under Title VII of the Civil Rights Act in state or federal court.  T ECF No. 25-1 Ex. 2; MS ECF No. 21 Ex.2.  But no one denies that Abdel-Ghani properly filed his two lawsuits in state court.  That does not mean—and the letters in no way suggest—that defendants did not have the right to remove those actions to federal court.

*Fourth*, Abdel-Ghani objects that if the cases remain in federal court he will likely have to proceed without an attorney, and he doubts his ability to represent himself effectively.  But even if litigating in federal court is materially more difficult for a pro se litigant than litigating in state court—something the Court doubts—questions of jurisdiction do not turn on the preferences of the litigants.  Defendants had a right to remove these actions to federal court irrespective of the personal preferences of Abdel-Ghani.

*Finally*, Abdel-Ghani objects that Judge Keyes's R&R exhibits "bias and prejudice" against him by "focus[ing] on the defendants and what would work best for the defendants," instead of "consider[ing] the plaintiff's rights."  T ECF No. 25 at 3; MS

ECF No. 21 at 5.  This is simply a way of saying that Abdel-Ghani disagrees with Judge

Keyes's analysis.  "Almost invariably, [judicial rulings] are proper grounds for appeal,

not for recusal."  *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v.*

*Melton*, 738 F.3d 903, 906 (8th Cir. 2013).  Abdel-Ghani has identified no statements of

Judge Keyes's that even remotely "display a deep-seated favoritism or antagonism that

would make fair judgment impossible."  *Liteky*, 510 U.S. at 555.[5]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

the Court OVERRULES Abdel-Ghani's objections [No. 14-CV-3644, ECF No. 25;

No. 14-CV-4136, ECF No. 21] and ADOPTS the December 18, 2014 R&R

[No. 14-CV-3644, ECF No. 23; No. 14-CV-4136, ECF No. 18].  IT IS HEREBY ORDERED

THAT:

1.   Plaintiff's motion to remand in *Abdel-Ghani v. Target Corporation*

[No. 14-CV-3644, ECF No. 8] is DENIED.

2.   Plaintiff's motion to remand in *Abdel-Ghani v. MarketSource, Inc.*

[No. 14-CV-4136, ECF No. 7] is DENIED.

---

[5]Abdel-Ghani also sent an email to the Court in which he made further
arguments in support of his objections to the R&R.  There is no indication that Abdel-
Ghani provided a copy of this email to defendants, though, and the Court will not
consider it.

3.      These actions are consolidated for purposes of discovery and all further

proceedings.

Dated:  March 23, 2015                          s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge