UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MAZEN ABDEL-GHANI, | Case No. 14-CV-3644 (PJS/HB) |
| Plaintiff, | |
| v. | ORDER |
| TARGET CORPORATION, | |
| Defendant. | |

| | |
|---|---|
| MAZEN ABDEL-GHANI, | Case No. 14-CV-4136 (PJS/FLN) |
| Plaintiff, | |
| v. | |
| MARKETSOURCE, INC., | |
| Defendant. | |

Mazen Abdel-Ghani, pro se.

Joseph G. Schmitt and Jeremy D. Robb, NILAN JOHNSON LEWIS PA, for defendant Target Corporation.

William E. Corum, HUSCH BLACKWELL LLP, for defendant MarketSource, Inc.

Plaintiff Mazen Abdel-Ghani is a former employee of defendant MarketSource, Inc. ("MarketSource"). While he was employed by MarketSource, Abdel-Ghani worked at a kiosk in a store operated by defendant Target Corporation ("Target"). Abdel-Ghani

brings these lawsuits against MarketSource and Target, alleging that he endured a hostile work environment, that he was terminated on account of his national origin (Palestinian) and age, and that his termination was in retaliation for his complaining about the hostile work environment.

This matter is before the Court on Abdel-Ghani's objection to the February 11, 2016 Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes.  T ECF No. 122; MS ECF No. 115 (Obj.).[1]  Judge Keyes recommends granting Target's and MarketSource's motions for summary judgment on Abdel-Ghani's hostile-environment, discrimination, and retaliation claims.  T ECF No. 117; MS ECF No. 110 (R&R).  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court agrees with Judge Keyes's analysis and adopts his lengthy and thorough R&R.  Only a few matters merit comment.

Abdel-Ghani objects that Judge Keyes "mishandled" the cases, in particular by failing to address various discovery issues.  Obj. at 2-4, 13-14.  But Abdel-Ghani's objection boils down to complaints about the *defendants'* conduct; he does not explain how a single decision made by *Judge Keyes* was incorrect.  More importantly, if Abdel-

---

[1]"T ECF" refers to documents filed in *Abdel-Ghani v. Target Corp.*, No. 14-CV-3644 (PJS/HB). "MS ECF" refers to documents filed in *Abdel-Ghani v. MarketSource, Inc.*, No. 14-CV-4136 (PJS/FLN).  Judge Keyes issued one R&R and entered it on the docket in both cases.  T ECF No. 117; MS ECF No. 110.  Abdel-Ghani wrote one objection and filed it in both cases.  T ECF No. 122; MS ECF No. 115.

Ghani wanted to challenge a decision of Judge Keyes relating to a discovery dispute, Abdel-Ghani needed to file an objection within 14 days after that decision was made. *See* Fed. R. Civ. P. 72(a).  He did not.[2]

Abdel-Ghani also broadly objects to Judge Keyes's evaluation of the evidence in the summary-judgment record.  Obj. at 4-20.  Abdel-Ghani asserts that Judge Keyes got some facts wrong (such as Abdel-Ghani's start date) and ignored other facts (such as the fact that Abdel-Ghani had never been "written up" for anything).  *Id.* at 8.  For the most part, however, these facts are immaterial to Abdel-Ghani's discrimination, retaliation, and hostile-work-environment claims against MarketSource and Target.  And when the few material facts cited by Abdel-Ghani and supported by the record are added to the mix, the evidence in the record is still insufficient to establish that Target employed Abdel-Ghani, that individuals over whom MarketSource had control created an objectively hostile work environment for Abdel-Ghani, that MarketSource fired Abdel-Ghani on account of his national origin or age, or that anyone retaliated against Abdel-Ghani for engaging in protected conduct.  *See* R&R at 19-34.

Finally, Abdel-Ghani objects to Judge Keyes's determination that Target was not his "joint employer," along with MarketSource.  Obj. at 19-20.  Abdel-Ghani focuses on

---

[2]Abdel-Ghani also requests that the Court reschedule a settlement conference previously cancelled by Judge Keyes.  Obj. at 13-14, 21.  Abdel-Ghani's request is moot given the Court's decision to grant defendants' motions for summary judgment.

the fact that, as a MarketSource employee, he worked at a kiosk located in a Target store, as well as the fact that Target and MarketSource shared certain in-store resources. *Id.* But these facts relate to only the first of the four factors relevant to the analysis. *See Baker v. Stuart Broad. Co.*, 560 F.2d 389, 392 (8th Cir. 1977). Judge Keyes acknowledged these facts, R&R at 35, but, because "no one of the enumerated factors is controlling," *Baker*, 560 F.2d at 392 (citation omitted), Judge Keyes also evaluated the other three factors, and found that no reasonable jury, properly instructed to apply all four factors, could find that Target was Abdel-Ghani's joint employer. R&R at 36-38. The Court agrees with Judge Keyes.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES Abdel-Ghani's objections [No. 14-CV-3644, ECF No. 122; No. 14-CV-4136, ECF No. 115] and ADOPTS the February 11, 2016 R&R [No. 14-CV-3644, ECF No. 117; No. 14-CV-4136, ECF No. 110]. IT IS HEREBY ORDERED THAT:

1. Target's motion for summary judgment in *Abdel-Ghani v. Target Corporation* [No. 14-CV-3644, ECF No. 94] is GRANTED.

2. MarketSource's motion for summary judgment in *Abdel-Ghani v. MarketSource, Inc.* [No. 14-CV-4136, ECF No. 99] is GRANTED.

3.	Abdel-Ghani's amended complaints [No. 14-CV-3644, ECF No. 71;

No. 14-CV-4136, ECF No. 76] are DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  May 3, 2016	s/Patrick J. Schiltz	
	Patrick J. Schiltz
	United States District Judge